## Case No. 14,636.

### UNITED STATES v. BRAMHAM.

[3 Hughes, 557.] [1]

District Court, E. D. Virginia. Jan. 11, 1878.

EMBEZZLEMENT FROM MAIL—POSTMASTERS.

Postmasters have a very limited right, if they have any at all, to act as agents of citizens to open their letters and use money inclosed.

Indictment under section 5467 for embezzling a letter having a ten-dollar note, in one count charged that the note was a United States treasury note, the other that it was a national bank note. Rose Kelly, a colored servant woman, mailed a letter addressed to Monaskan, Lancaster county, Va., having in it a ten-dollar note, to John Kelly, her father, on the 16th or November, 1876, at the Philadelphia post-office; and had the letter reg-

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

istered. From a tracer afterwards sent out, the certificate of A. C. Bramham, postmaster at Monaskan, stated that the registered letter was received there on the 21st of November, 1876. John Kelly, who was an unlettered negro, made repeated inquiry for the letter at the office with no avail. Letters, in the handwriting of Bramham, in the name of John Kelly, to Rose, were put in evidence, one of them dated on the 19th of June, 1877, stating that the money had not been received; the other dated on the 20th of June, 1877, stating that it had been received. Some time in July following Bramham took to John Kelly Rose's original letter which had contained the money, and gave it to him, but did not give him the money. On the 3d of August, 1877, Bramham paid to John Kelly two five dollar notes, and took from him his receipt signed by cross-mark in the presence of a witness for the registered letter. The witness to John Kelly's cross-mark did not observe the date of this receipt, but it bore that of the 14th of March, 1877. John Kelly said that occasionally when he had got letters at the post-office, he had asked Mr. Bramham to read them for him. On a few occasions he had got Bramham to write letters to his daughter for him. He denied that he had ever authorized Bramham to open his letters or to act as his agent, or to open this particular letter. Bramham was arrested in Baltimore, Md., on the 17th of August, 1877, and when arrested, said to the officer that this was his first offence. On the 27th of August a brother-in-law of Bramham had a conversation with John Kelly, in which he said, that Kelly had told him that he had authorized Bramham to open his letters and to act as agent for him. There was evidence that Bramham had borne a high character.

During the argument to the jury of Bramham's counsel, in which they rested their defence on this alleged agency, counsel cited and read sundry legal authorities as to what constituted agency and some wherein courts had held that one person might authorize another to take his letters from the post-office, and open and read them. and that in such case there was no embezzlement of the letter.

THE COURT (HUGHES, District Judge), interrupted counsel when so engaged, and said that a postmaster occupied such a relation to the service and to the public as to make such a general agency incompatible with his fiduciary trust; and put in the form of an instruction what it considered to be the law on the subject, as follows: "A postmaster of the United States ought not to be the agent of any customer of his office to open his letters and take out of them, and use, their contents. Such an agency is incompatible with the duties of a postmaster; and very strict proof ought to be required by the jury of such an agency, expressly granted and conceded by the real owner of the letters."

THE COURT said there was no express law forbidding postmasters to open letters addressed to others at their offices, etc.; but many of the postal laws contained clauses implying the impropriety of such a practice. For instance, section 300, p. 22, of the postal laws, compiled in 1873, and section 300, p. 90, of the same volume, were examples of such laws. They contained provisos in the words "nothing in this act contained shall be so construed as to authorize any postmaster or other person to open any letter not addressed to himself." Such is the spirit of all our postal laws; and no postmaster has a right to open any letter without express and particular authority from its owner to do so.

The following instruction was also given: "To constitute an offence under this indictment some evidence is necessary to the genuineness and value of the note charged to have been stolen out of the letter."

There was a verdict of guilty.